ALLEN PUTNAM & others *vs.* J. OTIS WILLIAMS & another.

Under *St.* 1857, *c.* 141, § 4, one who is arrested on an execution in favor of a plaintiff who does not reside in the county where the arrest is made cannot give notice of his intention to take the oath prescribed for the relief of poor debtors to the plaintiff personally, if the plaintiff's attorney lives or has his usual place of business in the county.

CONTRACT on a recognizance taken under *St.* 1857, *c.* 141, concerning imprisonment for debt, with condition that the

defendant Williams, who had been arrested on an execution in favor of the plaintiffs, should within ninety days from the time of his arrest deliver himself up for examination, giving notice as therein provided, and making no default, and abide the final order of the magistrate thereon. At the trial in the superior court, upon the admitted facts, *Morton*, J., before whom the case was tried by consent, without a jury, gave judgment for the plaintiffs, and the defendants alleged exceptions. The facts are stated in the opinion.

*E. F. Hodges*, for the defendants.

*E. M. Bigelow*, for the plaintiffs.

DEWEY, J. The manner in which one who is arrested on execution shall give notice to his creditor of his desire to take the oath for the relief of poor debtors is distinctly set forth in *St.* 1857, *c.* 141, § 4, which provides in express terms that " when the plaintiff is dead, or not a resident in the county where the arrest is made, the notice shall be served upon the agent or attorney, if he lives in the county, or has his usual place of business therein ; but if no such agent or attorney be found within the county, such notice may be served upon the officer who made the arrest." The notice in this case was served upon one of the plaintiffs ; and it is admitted that none of them resided in the same county where the arrest was made, and that, at the time of the service of the notice, John M. Way, the attorney who made the writ, had an office in Boston, though then temporarily absent from the Commonwealth ; and also that the officer who made the arrest had an office in Boston. The plaintiffs now insist, as they may do, upon an exact compliance by the debtor with the statute provisions as to notice ; and, if such notice has not been given, the proceedings before the magistrate were not in conformity with the law, and therefore there has been no legal surrender of the debtor for examination, as required by his recognizance, and no authority on the part of the magistrate to administer the oath to the debtor.

The rule prescribed by the statute required in the present case a notice to be served upon the attorney of the plaintiffs, residing in the county of Suffolk, and if no such agent or

attorney could be found within the county, notice might be served upon the officer who made the arrest. The service upon the plaintiff is by the statute limited to the case of a plaintiff resident within the county where the arrest is made. A notice given to a plaintiff residing in another county is not a legal notice, and the plaintiff is not bound to regard it as such. Unless we give the statute this construction, the provision as to service on the attorney, when the plaintiff is not a resident of the county, would seem to be surplusage, as it had. already in a previous part of the section been provided, that in all cases service of notice might be made on the attorney or agent of the plaintiff. The statute provision being that where the plaintiff is not a resident in the county where the arrest is made, " the notice shall be served upon the agent or attorney," we must be bound by its language. Giving effect to it, we must therefore hold that there has been a failure to comply with the terms of the recognizance, and that the plaintiffs are entitled to judgment.

*Exceptions overruled.*